## THE PEOPLE *a.* THE MAYOR, &c., OF NEW YORK.

*Supreme Court, First District; Special Term, Nov.,* 1859.

ACTION BY THE PEOPLE.— CAUSE OF ACTION.— INJUNCTION.— AFFIDAVIT.

*It seems,* that the attorney-general may maintain an action in the name of the People, to restrain public executive or ministerial officers from violation of duty.

The legislation of a municipal corporation is not subject to restraint by injunction.

*It seems,* however, that the acts of its agents and officers, in pursuance of resolutions or ordinances which are in violation of law, may be restrained by injunction.

The complaint in an action to restrain the Corporation of the City of New York from making a contract with any other than the lowest bidder, as required by law, showed, on information and belief, that an agreement had been made between certain members of the Board of Aldermen and of the Board of Councilmen to pass a resolution giving the contract to a higher bidder. The verification was by an individual, and merely in the usual form. The plaintiff moved on the complaint alone for an injunction.

*Held,* that it must be denied. The statement on information and belief of the grounds for an injunction, not showing the sources of the information, is not sufficient; and this rule should be very strictly applied where the allegations on information and belief are those of the People.*

Motion for an injunction.

The facts are fully stated in the opinion.

*David Dudley Field,* for the motion.

*R. Busteed* and *Luther R. Marsh,* opposed.

INGRAHAM, J.—In this case the attorney-general, on behalf of the people, moves for an injunction to restrain the defendants from passing any resolution directing the Croton Aqueduct Department to give the contract, for building the gate-houses and aqueduct for the new reservoir, to Fairchild, Walker & Co., or to any other person, except upon bids made in pursuance of law.

The ground on which this action and the motion now made is

* Compare People *a.* Rector, &c, of Trinity Church, 6 *Ante,* 177.

founded is, that the Common Council of the City of New York have passed in one Board, and are about to pass in the other, a resolution directing the contract to be given to Fairchild, Walker & Co., who are alleged to have been the highest and not the lowest bidders when proposals were received for that work; and that such resolution, if carried out, is a direct violation of section 38 of the amended charter of 1857, which directs the mode of giving such contracts, and requires them, in all cases, to be given to the lowest bidder. The complaint charges such acts to be a usurpation on the part of the municipal authorities, and in direct violation of the provisions of that statute. One of the questions in this case is, whether this action can be maintained by the attorney-general in the name of the people.

It has been heretofore held by the general term of this court in this district, that a tax-payer cannot maintain any action against the city authorities to restrain them from the commission of illegal or fraudulent acts, without showing special damage to himself.

It has also been held that the persons who offered to do the work at the lowest price have no right to interfere, before their bid has been accepted, inasmuch as there is no obligation to accept any bid made, and they, therefore, can sustain legally no damage by such an act other than any other tax-payers sustain from the same cause.

It must, therefore, be conceded, under these decisions, that unless the attorney-general can interfere in this way, there is no mode of averting the consequences of such legislation, and that the only remedy is by criminal proceedings.

So far as the plaintiffs now seek to restrain the passage of the resolution on this subject, I have some time since expressed an opinion adverse thereto. In the case of The People and Flagg *a.* Lowber (7 *Abbotts' Pr. R.*, 158), I had occasion to examine fully these questions. It was there held that the legislation of the Common Council ought not to, and could not, be restrained by the courts.

The legislative power of that body is a power resting in their discretion. They have a right to pass such laws and adopt such resolutions as in their judgment are proper and necessary, in reference to those matters which, by the various charters of the city, are subject to their jurisdiction. Until they have legis-

lated upon any subject, their contemplated 'action is not known, and it would be equally improper for the courts to direct what the legislature should not do, as it would be to order them to adopt any particular mode of legislation; and any such injunction as is asked for on this branch of the motion would be useless, even if the court could grant it.

An alteration of the resolution in its phraseology, or the formation of a new one, would render new injunctions necessary, and they, too, might as easily be evaded. I know that such injunctions have heretofore been granted, but I have never been able to satisfy myself that it was proper to restrain the legislation of any body possessing authority to legislate, and have uniformly refused my assent to such a proposition.

But while I am unwilling to sanction any interference with that legislation of the Common Council, I see no reason why they and their officers and agents should not be controlled in the making of contracts in violation of law, or contrary to the provisions of the charter, if a case should be presented to the court calling for such an interference.

Although the question under discussion is not certainly free from difficulty, I am inclined to the opinion, that in a case showing a clear violation of the charter of the city about to be performed by the Common Council, this action may be maintained.

As before stated, there is no other way to prevent such acts from being carried out, and when completed, in regard to money or property, there is no redress, except the unsatisfactory one to the treasury of punishing for criminal acts.

It is hardly necessary, at present, to examine this point further, because I am of the opinion that the motion must be denied, on the papers submitted to me.

The motion is made solely on the complaint. This complaint is verified by a person of the name of Baldwin, who annexes the usual verification only.

The complaint, after setting out the various statutes and ordinances referring to the making of contracts by the Corporation, recites the proposals from the Croton Board; the offers made by several for doing the work; that Fairchild, Walker & Co. made the highest estimates, and that Baldwin & Jacox made the lowest estimates; that the Croton Board awarded the contract to

Baldwin & Jacox; that the Common Council passed a resolution to give the contract to Fairchild, Walker & Co., and that such resolution was vetoed by the mayor.

Thus far, there is nothing stated in the complaint calling for the interference of this court. As before stated, the legislation of the Common Council should not, in my judgment, be interfered with by injunction; and even a threatened act of legislation which directs the doing of an act in violation of the charter, ought not to be enjoined, so far as applies to the legislation. I know not how the intent of the Common Council to violate the charter is to be ascertained, until the legislation providing for such violation has been adopted. The want of it in this case shows the defect in the plaintiffs' proceedings.

It is averred in the complaint that, since the veto of the resolution by the mayor, the Board of Councilmen have readopted the resolution by a vote of 16 to 3, and that the same resolution was before the Board of Aldermen for concurrence.

The whole gist of the complaint, therefore, consists in the fact of the intended passage of the resolution by that board. This is attempted to be made out by the allegation on information and belief that an agreement has been entered into between certain members of the Board of Aldermen and Board of Councilmen to pàss the resolution, and to cause the work to be given, contrary to law, to Fairchild, Walker & Co.

I have often expressed the opinion, that statements on information and belief, without showing the sources of such information, are not sufficient to warrant the court in granting an injunction.

More especially are such allegations insufficient where, as in the present case, they are stated in such a way as to give no specific information as to the parties charged with the intended illegal acts. Such a verification as is added to this complaint should never be deemed sufficient as an affidavit to obtain an injunction. This information might be given by persons who had no more knowledge than those to whom the information was communicated, and in all probability was founded upon rumors circulated in regard to the probable passage of these resolutions.

Where the people are the plaintiffs, a more specific affidavit should be required as to the source of information. It is idle to suppose that the plaintiffs, as such, have actually received any such information; and then the whole proof submitted to the

court dwindles down to the mere belief of Mr. Baldwin that the Common Council intends to pass such a resolution.

I cannot think it proper, under any circumstances, to grant an injunction in so important a matter, founded upon such insufficient proof.

There are other objections made to the granting of this motion, which are not necessary for me now to examine.

The motion for an injunction must be denied, with $10 costs, without prejudice to a renewal of it on further papers. Motion denied.